

**Curt M. Parkins, Esquire**
**204 Wyoming Avenue**
**Scranton, PA 18503**
**Phone: 570-880-0777**
**Fax: 570-880-0476**
**curt@comerfordparkins.com**

June 20, 2019

The Honorable Robert D Mariani
William J. Nealon United States Courthouse
235 N. Washington Avenue
Scranton, PA 18503
Via ECF

    Re:    Rubino v. Lackawanna County; 18 CV 1210
            Wilson v. Lackawanna County; 17 CV 1191

Dear Judge Mariani:

      I am writing to request a telephonic discovery conference in the above-referenced matter. Specifically, this request pertains to the deposition of Defendant Edward Zaloga, M.D., the owner and operator of Correctional Care, Inc., the medical provider at the Lackawanna County Prison.

      The deposition of Zaloga had recently been scheduled for June 4, 2019. At the time of scheduling, the discovery deadline was scheduled to end on June 1, 2019. However, the parties agreed to take the deposition a few days outside of the discovery deadline to accommodate Zaloga's schedule. On May 24, 2019, Attorney Healey once again requested that the parties make an adjustment to accommodate his schedule. Specifically, he sought to move the deposition from June 4, 2019, to June 3, 2019, and to begin the deposition at 7:00 a.m.. Having not received Attorney Healey's email over the weekend, I responded on May 28, 2019, indicating that I would accommodate Attorney Healey and move the deposition to June 3. Upon contacting my stenographer, she informed me that she could not move the deposition to June 3. I informed Attorney Healey that we would have to reschedule. We had two months to do so, as the Court recently had moved the discovery deadline to August 1, 2019. In fairness to Attorney Healey, I had forgotten to immediately request the change in date from the stenographer. After I told Attorney Healey that we could not do June 3, he informed me that he would not be producing his client for deposition.

      By way of background, I initially requested to depose Dr. Zaloga in this matter on July 5, 2018, via an email in which I requested that Attorney Healey provide me with dates for his deposition. Attorney Healey said he would get back to me. Having received no response, I followed up via email on July 23, 2018. Attorney Healey indicated he would check Zaloga's schedule. Having once again received no response, I sent an email to Attorney Healey on August 23, 2018, asking to take his client's deposition in September. As of September 4, 2018, I

had still not received a response, and I asked for an update. Attorney Healey did not provide one on the deposition of Zaloga.[1]

On November 7, 2018, after offering to produce Plaintiff for deposition, I again asked Attorney Healey for dates to depose Zaloga. He did not respond. I sent a follow-up email on November 19, 2018. He did not respond. I sent another follow-up email on December 13, 2018. Attorney Healey responded on another issue and ignored my request to depose Zaloga.

After nine months of attempting to conduct this deposition, I finally received a date – March 28, 2019. However, due to an emergency in my office, the matter had to be rescheduled. I notified Attorney Healey on March 26, 2019, and asked for new dates. As of April 6, 2019, I received no dates, so I sent a follow-up. Attorney Healey responded that it would probably not occur until May. Having not received dates on May 1, 2019, I followed up on my request. Attorney Healey again indicated that he would "check." On May 3, 2019, Attorney Healey finally got back to me with a June 4, 2019, date – a date outside of the discovery deadline, after nearly a year of waiting. Then, on May 24, 2019, three weeks after the deposition had been scheduled, I received the aforementioned email from Attorney Healey indicating that he had to reschedule the June 4, 2019, deposition.

As you can see, on July 5, 2019, I will have spent a year attempting to conduct this deposition. I have been met with nothing but obstruction, delay, and dilatory tactics from Attorney Healey and his client. Throughout this time, I have been more than accommodating with Attorney Healey in scheduling the depositions that he wanted to conduct, despite the fact that I could have refused, citing to his obstruction. I understand that I had to cancel the deposition once. This was for circumstances beyond my control. The second date had to be rescheduled because of the need to accommodate Attorney Healey's shifting schedule. It is beyond belief that he, due to the deposition being moved, now refuses to make his client available. Due to this situation, I am left with no recourse by to contact the Court for an order to compel the deposition, and I request that a telephone conference be scheduled in this matter.

Best,

*/s/ Curt M. Parkins*

Curt M. Parkins, Esq.

Cc:   Jody Healey, Esq. (Via ECF)
   David Heisler, Esq. (Via ECF)

---

[1] It should be noted that on November 7, 2018, Attorney Healey requested to depose Plaintiff in this matter. We produced Plaintiff for deposition on February 4, 2019.